| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 6th Street<br>Boulder, CO 80306 | DATE FILED: October 27, 2023 3:36 PM<br>FILING ID: B29A4412E493A<br>CASE NUMBER: 2023CV30784 |
| Plaintiff:<br>**SANDRA RAMSBURG**<br><br>v.<br><br>Defendant:<br>**PROMEDICA SENIOR CARE OF LAFAYETTE CO, LLC** | |
| Attorneys for Plaintiff:<br>Anthony Viorst, Bar No. 18508<br>David Chambers, Bar No. 50270<br>THE VIORST LAW OFFICES, P.C.<br>950 South Cherry Street, Suite 300<br>Denver, Colorado 80246<br>Telephone: (303) 759-3808<br>Email: tony@viorstlaw.com<br>         david@viorstlaw.com | ▲ COURT USE ONLY ▲<br><br>Case No.:<br><br>Ctrm.: |
| **COMPLAINT AND JURY DEMAND** | |

Comes Now Plaintiff, Sandra Ramsburg, by and through counsel, Anthony Viorst, the Viorst Law Offices, P.C. and for her Complaint against the above-named Defendant states as follows:

## CERTIFICATION

Undersigned counsel certifies, pursuant to C.R.S. §13-20-602(3), that: (a) he has consulted with a Certified Nursing Assistant ("CAN") with expertise in the area of the alleged negligent conduct as set forth in Plaintiff's Complaint; (b) the CNA who has been consulted has reviewed all known facts relevant to the allegations of negligent conduct as complained of in Plaintiff's Complaint; (c) based upon such facts, this CNA has concluded that the filing of the claims in the instant case does not lack substantial justification within the meaning of C.R.S. §13-17-102(4); and (d) the CNA consulted can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as to the negligent conduct alleged.

- 1 -                                                                                                                                       **EXHIBIT A**

## JURISDICTION AND VENUE

1. At all times relevant, Defendant Promedica Senior Care of Lafayette CO, LLC ("Promedica"), was a foreign corporation, based in Toledo, Ohio, and operating a skilled nursing facility located at 329 Exempla Circle, Lafayette, CO 80026.

2. At all relevant times, Plaintiff Sandra Ramsburg ("Ms. Ramsburg") was a resident of the State of Colorado, residing at 2500 South Public Road, Unit 234, Lafayette, CO 80026.

3. Venue is proper before this Court pursuant to C.R.C.P. 98(c) as the negligence occurred in Boulder County.

4. Pursuant to C.R.S. §13-1-124, jurisdiction is proper in the district court.

## FACTUAL BACKGROUND

5. In early October of 2022, Ms. Ramsburg was an in-patient at Good Samaritan Medical Center, being treated for symptoms related to a cerebral aneurysm, a stroke, and chronic diarrhea causing weakness.

6. On October 13, 2022, Ms. Ramsburg was discharged to Promedica, a skilled nursing facility, where she remained for a period of two months.

7. Ms. Ramsburg's admission documents at Promedica indicated that she was suffering from, inter alia, a left foot drop, and difficulty walking. It was noted that she utilized a wheelchair to move from place to place, and that she was considered a high fall risk.

8. On the morning of November 15, 2022, when Ms. Ramsburg was transferred from her bed to her wheelchair by a Certified Nursing Assistant ("CNA"), the CNA failed to properly secure the wheelchair. As a result, the wheelchair moved when Ms. Ramsburg sat in it, causing her to twist her right ankle, and rupture her lateral collateral ligaments.

9. Thereafter, Ms. Ramsburg fell two more times at Promedica, due to the negligence of the facility staff, during transfers between the wheelchair and the bed, thereby exacerbating her pre-existing right ankle injury.

10. The ligament rupture was finally diagnosed on December 13, 2023, by Dr. James Davis, a podiatrist serving patients at Promedica. He placed Ms. Ramsburg in an ankle brace pending surgery on her ankle.

11. After her condition was diagnosed, and a surgery date was set, Ms. Ramsburg was discharged from Promedica, and sent home, where she was confined to bed.

12. On February 8, 2023, Dr. Davis performed surgery on Ms. Ramsburg's right ankle. At that time, he confirmed that the "anterior talofibular ligament was . . . significantly ruptured." Dr. Davis undertook a deep tendon transplant in order to repair the ankle.

13. Thereafter, Ms. Ramsburg received extensive follow-up care from Dr. Davis, and other medical providers, in order to rehabilitate the right ankle.

14. Ms. Ramsburg continues to suffer from ongoing physical deficits and pain in that ankle.

### **FIRST CLAIM FOR RELIEF**
(Medical Negligence)

15. Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

16. Promedica is vicariously liable for the negligent acts of staff members, including CNAs, committed within the course and scope of Promedica employment.

17. The CNA who transferred Ms. Ramsburg from her bed to her wheelchair on November 15, 2022, owed Ms. Ramsburg a duty of reasonable care.

18. At that time, the CNA acted below the standard of care by failing to secure Ms. Ramsburg's wheelchair before initiating the transfer from the bed to the wheelchair, thereby causing Ms. Ramsburg to twist her right ankle, and to suffer torn ligaments in that ankle.

19. Thereafter, the Promedica staff acted below the standard of care by failing to take adequate precautions to protect Ms. Ramsburg, a high fall risk, from suffering additional falls. Ms. Ramsburg did, in fact, suffer two additional falls, which exacerbated her prior ankle injury.

20. As a direct and proximate result of the negligence of the CNA, and other Promedica staff, Ms. Ramsburg suffered past and future economic damages, in the form of medical expenses, as well as past and future non-economic damages, including pain and suffering, emotional distress, and loss of quality of life. Ms. Ramsburg also suffered permanent physical impairment in her right ankle.

WHEREFORE, Plaintiff Sandra Ramsburg, prays for compensatory damages in favor of the Plaintiff and against the Defendant in an amount to be determined by the trier of fact, pre-judgment interest, post-judgment interest, expert witness fees, filing fees, deposition expenses, and for such other and further relief as this Court may deem appropriate, including all costs.

- 4 -

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX PERSONS.**

Dated this 27th day of October, 2023.

**THE VIORST LAW OFFICES, P.C.**

*Original signature on file at the Viorst Law Offices, P.C.*

/s/ *Anthony Viorst*

Anthony Viorst, #18508
Attorneys for Plaintiff

**Plaintiff's Address**:
2500 South Public Road, Unit 234
Lafayette, CO 80026